IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| THOMAS MICHAEL BURKE; ELIZABETH BRAXTON BURKE, | CIVIL NO. 17-00220 DKW-RLP |
| Plaintiffs, | |
| vs. | **ORDER GRANTING DEFENDANT'S MOTION TO DISMISS WITH LEAVE TO AMEND** |
| COUNTRYWIDE MORTGAGE VENTURES, LLC dba WESTERN PARADISE FINANCIAL *et al.*, | |
| Defendants. | |

## INTRODUCTION

In an effort to rescind a mortgage that is currently the subject of a pending state court foreclosure action, Plaintiffs Thomas Michael Burke and Elizabeth Braxton Burke, proceeding pro se, bring claims in federal court against Countrywide Mortgage Ventures, LLC dba Western Paradise Financial ("Countrywide") under the Truth in Lending Act, 15 U.S.C. § 1601 *et seq*. ("TILA"). Countrywide seeks dismissal of the Burkes' federal claims under abstention principles or, alternatively, for failure to state a claim. Because the claims for violation of 15 U.S.C. §§ 1635(b) and 1641(g) are time-barred and otherwise fail to state a claim, the Court

GRANTS Countrywide's Motion to Dismiss. The Court grants the Burkes limited

leave to amend as detailed below.

## BACKGROUND

## I.     State Court Foreclosure Action

The Burkes' federal claims against Countrywide relate to the same Mortgage

on their real property, located at 2073 Kahaapo Loop, Kihei, Hawaii 96753

("Property"), that is at issue in a pending state foreclosure proceeding filed on

October 20, 2014 in the Circuit Court of the Second Circuit, State of Hawaii. Def.'s

Ex. 2 (Certified Copy of Compl.); Dkt. No 10–2.[1]  In *Christiana Trust, a Division of*

*Wilmington Savings Fund Society, FSB, not in Its Individual Capacity but as Trustee*

*of ARLP Trust 3 v. T. Michael Burke, et al.*, Civil No. 14-1-0603(1) ("state

foreclosure action"), the foreclosing mortgagee seeks to enforce its interest in the

$800,000 Mortgage on the Property, and Promissory Note secured by the Mortgage,

both executed on December 11, 2007. *See* Def.'s Ex. 2 ¶¶ 10–13; *see also* Verified

---

[1]The Court grants Defendant's request for judicial notice to consider documents whose contents are incorporated by reference or attached to Plaintiffs' Verified Complaint, including the Mortgage, Note, and Notice of Rescission recorded at the State of Hawaii Bureau of Conveyances. *Davis v. HSBC Bank Nevada, N.A.,* 691 F.3d 1152, 1160 (9th Cir. 2012). The Court also considers matters that are the proper subject of judicial notice pursuant to Federal Rule of Evidence 201, including publicly available and recorded documents. *Lee v. City of Los Angeles*, 250 F.3d 668, 688-89 (9th Cir. 2001); *Tellabs, Inc. v. Makor Issues & Rights, Ltd.,* 551 U.S. 308, 322 (2007); *Barber v. Ohana Military Communities, LLC*, 2014 WL 3529766, *4 (D. Haw. July 15, 2014).

Complaint, Ex. B (12/11/07 Mortgage), Dkt. No 1–2; Ex. C (12/11/07 Note), Dkt. No. 1–3.

The foreclosing mortgagee, Christiana Trust, asserts that it is the holder of the Note and assignee of the Mortgage by way of assignments from Countrywide to non-party Bank of America, N.A. on February 10, 2012, and then from Bank of America to Christiana Trust on February 7, 2014.   *See* Def.'s Ex. 2 ¶¶ 6–9. Christiana Trust alleges that the Burkes received a notice of default and intent to accelerate and foreclose the Mortgage in 2012, but despite the notice, the Burkes neglected to cure the default.   *See* Def.'s Ex. 2 ¶ 11.   The Burkes challenge Christiana Trust's standing to foreclose on the Property, based in part on their Notice of Rescission/Right to Cancel, recorded at the State of Hawaii Bureau of Conveyances on March 18, 2016.   Verified Complaint, Ex. A (Notice of Rescission), Dkt. No. 1–1.

## II.    **Plaintiffs' Federal Court Action**

On May 17, 2017, the Burkes initiated this federal civil action against Countrywide and any "Un-Noticed New Creditor" defendants purporting to be "successors and/or assigns."   The Verified Complaint alleges that defendants failed to comply with 15 U.S.C. §§ 1635(b) and 1641(g) and seeks "statutory damages, civil liability, attorneys' fees and actual damages [and] a judicial declaration that Plaintiffs are not liable for any finance or other charge relating to the cancelled

transaction identified herein," and also requests an "Order Setting Aside any and every Mortgage or any and every other instrument that is or may be purported to secure the said cancelled transaction, under [Section] 1635(b), requiring Defendant to return to Plaintiff[s] the[ir] original Note." Verified Complaint at 3.

According to the Burkes, their Notice of Rescission, mailed on November 13, 2015, delivered on November 16, 2015, and publicly recorded in March 2016, "canceled the Transaction identified as 'Loan No 182078358 . . . under authority of [Section] 1635(b)." Verified Complaint at 5. Plaintiffs assert that the "only conclusive evidence of the Defendant's compliance with 15 U.S.C. § 1635(b)'s mandate would be Defendant[']s return (to Plaintiff[s]) of Plaintiff(s)' original Note." *Id.* The Defendant has failed to return (to Plaintiff[s]) . . . Plaintiff(s)' original Note." *Id.*

The Burkes allege four causes of action, each directed at rescinding, voiding, or canceling their loan on the Property: (1) failure to comply with the requirements of 15 U.S.C. § 1635(b) by returning Plaintiffs' original Note (Count I); (2) violation of 15 U.S.C. § 1641(g) that seeks to remove any cloud on the Property's title (Count II); (3) request to void or cancel the mortgage under 15 U.S.C. § 1635(b) (Count III); and (4) an action to quiet title pursuant to 15 U.S.C. §§ 1635(b) and 1641(g) (Count IV). Among other relief, the Verified Complaint asks that the Court "set[] aside any and every Mortgage or . . . instrument that is or may be purported to 'secure' the

said cancelled transaction," and that, any "Un-Noticed," "New Creditor" be enjoined from taking any action "based upon any security interest that Defendant failed to 'take any action necessary or appropriate to reflect the termination of . . .', as mandated by law in [Section] 1635(b)."   Verified Complaint at 11.

Countrywide moves for dismissal of the Verified Complaint because it fails to state a claim for relief or, alternatively, under the *Colorado River* abstention doctrine due to the parallel foreclosure proceeding.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) authorizes the Court to dismiss a complaint that fails "to state a claim upon which relief can be granted."   Rule 12(b)(6) is read in conjunction with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief."   Fed. R. Civ. P. 8(a)(2).   The Court may dismiss a complaint either because it lacks a cognizable legal theory or because it lacks sufficient factual allegations to support a cognizable legal theory.   *Balistreri v. Pacifica Police Dep't.*, 901 F.2d 696, 699 (9th Cir. 1988). Pursuant to *Ashcroft v. Iqbal*, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"   555 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 570 (2007)).   "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."

5

*Id.* Accordingly, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555). Rather, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). Factual allegations that only permit the court to infer "the mere possibility of misconduct" do not constitute a short and plain statement of the claim showing that the pleader is entitled to relief as required by Rule 8(a)(2). *Id.* at 679.

Because Plaintiffs are proceeding pro se, the Court liberally construes their filings. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987) ("The Supreme Court has instructed the federal courts to liberally construe the 'inartful pleading' of pro se litigants.") (citing *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam)). The Court recognizes that "[u]nless it is absolutely clear that no amendment can cure the defect . . . a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995); *see also Crowley v. Bannister*, 734 F.3d 967, 977-78 (9th Cir. 2013).

## **DISCUSSION**

Countrywide asks the Court to either abstain from exercising jurisdiction over the Burkes' claims or to dismiss all Counts for failure to state a claim upon which

6

relief may be granted under TILA.   The Court, exercising its discretion, declines

Countrywide's request to dismiss or stay this matter under *Colorado River Water*

*Conservation Dist. v. United States*, 424 U.S. 800, 818 (1976), based on the pending

state foreclosure action.   However, because the Verified Complaint fails to timely

allege any claim upon which relief can be granted, all time-barred claims are

DISMISSED with prejudice.   The Burkes are granted limited leave to amend, with

instructions below.

I.      ***Colorado River*** **Abstention Is Not Warranted Under The Circumstances**

"In *Colorado River*, the Supreme Court was concerned with the problem

posed by the contemporaneous exercise of concurrent jurisdiction by state and

federal courts."   *Smith v. Central Ariz. Water Conservation Dist.*, 418 F.3d 1028,

1032–33 (9th Cir. 2005) (citation omitted).   "In such cases, the Court recognized

there may be circumstances in which traditional abstention principles do not apply,

yet considerations of wise judicial administration, giving regard to conservation of

judicial resources and comprehensive disposition of litigation, nonetheless justify a

decision to stay or dismiss federal proceedings pending resolution of concurrent

state court proceedings."   *Smith*, 418 F.3d at 1033 (internal quotation marks and

citations omitted).   "Such circumstances are, however, exceedingly rare.   As [the

Ninth Circuit] previously observed, the *Colorado River* doctrine is a narrow

exception to the virtually unflagging obligation of the federal courts to exercise the jurisdiction given them." *Id.*

The threshold question is whether there are parallel federal and state suits. In the Ninth Circuit, "exact parallelism [between the two suits] . . . is not required. It is enough if the two proceedings are 'substantially similar.'" *Nakash v. Marciano*, 882 F.2d 1411, 1416 (9th Cir. 1989). *Colorado River* and its progeny provide a multi-factor test for determining whether substantial similarity exists, warranting federal abstention from concurrent federal and state proceedings. Courts consider:

> (1) which court first assumed jurisdiction over any property at stake; (2) the inconvenience of the federal forum; (3) the desire to avoid piecemeal litigation; (4) the order in which the forums obtained jurisdiction; (5) whether federal law or state law provides the rule of decision on the merits; (6) whether the state court proceedings can adequately protect the rights of the federal litigants; (7) the desire to avoid forum shopping; and (8) whether the state court proceedings will resolve all issues before the federal court.

*Seneca Ins. Co., Inc. v. Strange Land, Inc.*, --- F.3d ---, 2017 WL 2855082, at *3 (9th Cir. July 5, 2017) (citation omitted). These factors are not a "mechanical checklist"—indeed, some may not have any applicability to a case—instead, the Court examines them in "a pragmatic, flexible manner with a view to the realities of the case at hand." *Id.* at *3 (quoting *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.,* 460 U.S. 1, 21 (1983)).

> Moreover, we must carefully balance the important factors, "with the balance heavily weighted in favor of the exercise of

jurisdiction." [*Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.,* 460 U.S. 1, 16 (1983)]. The underlying principle guiding this review is a strong presumption against federal abstention: "[O]ur task in cases such as this is not to find some substantial reason for the exercise of federal jurisdiction by the district court; rather, the task is to ascertain whether there exist 'exceptional' circumstances, the 'clearest of justifications,' that can suffice under *Colorado River* to justify the surrender of that jurisdiction." *Id.* at 25–26, 103 S.Ct. 927. "Any doubt as to whether a factor exists should be resolved against a stay, not in favor of one." *Travelers Indem. Co. v. Madonna,* 914 F.2d 1364, 1369 (9th Cir. 1990).

2017 WL 2855082, at *3. With this framework in mind, the Court considers the balance of factors as each applies to the present matter. In light of the information currently available to the Court, the balance ultimately weighs in favor of retaining jurisdiction.

When analyzing the first factor, a federal court examines whether there is an *in rem* or *quasi in rem* action involving a *res* already subject to a state court's jurisdiction. *Princess Lida of Thurn & Taxis v. Thompson*, 305 U.S. 456, 466 (1939) (noting that when two suits are *in rem*, or *quasi in rem*, the first court to obtain jurisdiction retains jurisdiction); *see also United States v. Fairway Capital Corp.*, 483 F.3d 34, 40 n. 2 (1st Cir. 2007) (treating the *Princess Lida* doctrine as part of the first factor of a *Colorado River* abstention analysis). Here, the state court has assumed *quasi in rem* jurisdiction over the Property subject to the Mortgage securing Plaintiffs' obligations. The civil action in this Court, however, is not entirely *in rem* or *quasi in rem*; it also proceeds *in personam*. *Cf. Rowland v.*

9

*Novus Fin. Corp.*, 949 F. Supp. 1447, 1457 (D. Haw. 1996) ("[T]his [abstention] doctrine does not apply in the instant case because the federal TILA action here is not an *in rem* proceeding."); *Schmidt v. Fid. Nat. Title Ins. Co.*, 2008 WL 5082860, at *10 (D. Haw. Nov. 26, 2008) ("A suit for damages is not an action *in rem* or *quasi in rem*.").   Although Plaintiffs seek rescission of the loan, or cancellation of the Note and Mortgage, their statutory claims for money damages and civil penalties under TILA do not implicate the Property in the foreclosure action.   *See Rowland*, 949 F. Supp. at 1457 (finding that the first *Colorado River* factor weighed against abstention because state foreclosure action was *in rem* while federal plaintiff's TILA claims were *in personam*, even though federal plaintiff sought rescission); *but see Blake v. Wells Fargo Bank*, 917 F. Supp. 2d 732, 737 (S.D. Ohio 2013) (reaching the opposite conclusion and abstaining from proceeding with a plaintiff's TILA claims after an Ohio court obtained jurisdiction over the plaintiff's resident property in a state foreclosure action).[2]   The first factor, therefore, does not weigh heavily in favor of abstention.

---

[2]*See also Britton v. Britton*, 223 F.Supp.2d 276, 284 (D.Me.2002) (finding first factor would not weigh in favor of abstention because, in part, state-court divorce and dissolution proceeding was *in rem* and plaintiff's federal statutory action for money damages was not); *cf. Carson v. Wells Fargo* Bank, 2011 WL 2470099, at *6 (M.D. Fla. June 20, 2011) (finding first factor weighed in favor of abstention because even though state foreclosure case was *in rem* and federal plaintiff's TILA claims were *in personam*, federal defendant intended to add counterclaims to federal case that would make the federal case *in rem*).

Nor do the remaining factors, taken in their totality, weigh heavily in favor of abstention. This Court may be less convenient geographically for the Burkes than the Second Circuit court, but it is not necessarily less convenient for Countrywide, which is not a party to the state foreclosure action, such that this factor weighs neither for nor against abstention. *See Cerit v. Cerit*, 188 F. Supp. 2d 1239, 1249 (D. Haw. 2002) (noting that "the question is whether the inconvenience of the federal forum is so great that this factor points toward abstention"). On the other hand, there is some risk that proceeding here could result in piecemeal litigation and inconsistent rulings. Unlike the statute at issue in *Colorado River*, however, Countrywide points to no "clear federal policy" against piecemeal litigation of TILA claims that mandates giving this factor greater consideration given the procedural posture of these two cases. *See Colorado River*, 424 U.S. at 819; *see also ScripsAmerica, Inc. v. Ironridge Glob. LLC*, 56 F. Supp. 3d 1121, 1149 (C.D. Cal. 2014) ("The mere possibility of piecemeal litigation does not constitute an exceptional circumstance.") (citation omitted). As to the fourth factor, although the state court foreclosure action was filed first, the Court cannot determine how far it has progressed. *See Moses H. Cone*, 460 U.S. at 21 (stating that the jurisdictional order analysis "should not be measured exclusively by which complaint was filed first, but rather in terms of how much progress has been made in the two actions").

The fifth factor—the rule of decision—requires the Court to examine whether state or federal law controls. The presence of federal questions weighs heavily against abstention. *See Moses H. Cone*., 460 U.S. at 26 ("[T]he presence of federal law issues must always be a major consideration weighing against surrender."). The sixth factor involves whether the state court can adequately protect federal rights. *See Travelers*, 914 F.2d at 1369. As there is no concern that the parties' federal rights will be inadequately protected in state court, this factor does not weigh in favor of either party. The final factor—forum shopping—does weigh in favor of abstention when a litigant seeks a federal forum to avoid adverse rulings made by the state court or to gain a tactical advantage from the application of federal court rules. There is no *evidence* in the current record, however, of adverse rulings in the state foreclosure action against the Burkes, or that Plaintiffs, unhappy with the proceedings in state court, are attempting to obtain a different result from the federal court.

In sum, because these cases do not present the requisite "exceptional circumstances" to merit a *Colorado River* stay or dismissal, abstention is not warranted at this time. Based on the information currently available, the record contains insufficient facts to overcome "the balance weighted heavily in favor of the exercise of jurisdiction," *Moses H. Cone*, 460 U.S. at 16, and the Court declines

Countrywide's request to stay or dismiss this matter on abstention grounds. The Court next turns to the merits of Plaintiffs' claims.

## II. The Verified Complaint Fails To State A Claim

As discussed more fully below, even liberally construed, the allegations in the Verified Complaint are deficient for several reasons. First, Plaintiffs' TILA claims are time-barred as a matter of law. Second, even if timely, the Verified Complaint fails to plausibly allege claims for violation of the cited provisions. Defendants' Motion is therefore granted and the time-barred claims are dismissed with prejudice. The Burkes are granted limited leave to amend consistent with the instructions below.

### A. Count I: Rescission Under TILA Section 1635(b)

When a lender fails to make the required disclosures, TILA grants borrowers the right to rescind the loan agreement by providing the creditor with written notice of an intent to rescind. 15 U.S.C. § 1635(a). And "[w]ithin 20 days after receipt of a notice of rescission, the creditor shall return to the obligor any money . . . given . . . [and] the obligor shall tender the property to the creditor[.]" *Id*. § 1635(b). "If the creditor does not take possession of the property within 20 days after tender by the obligor, ownership of the property vests in the obligor without obligation on his part to pay for it." *Id*.

The Burkes' Section 1635(b) rescission claim fails for several reasons. First, the right of rescission relied upon by the Burkes under TILA Section 1635 "does not apply to . . . a residential mortgage transaction as defined in section 1602(w)."[3] 15 U.S.C. § 1635(e)(1). Section 1602 defines "residential mortgage transaction" as "a transaction in which a mortgage, deed of trust, purchase money security interest arising under an installment sales contract, or equivalent consensual security interest is created or retained against the consumer's dwelling to finance the acquisition or initial construction of such dwelling." The Burkes' Mortgage states that "Borrower shall occupy, establish, and use the Property as Borrower's principal residence," Verified Complaint, Ex. B at 6. As such, the Burkes do not establish that Section 1635(b) applies to this transaction in the first instance, or how the transaction they complain of is anything other than a "residential mortgage transaction" that is ineligible for rescission. *See also Zakarian v. Option One Mortg. Corp.*, 642 F. Supp. 2d 1206, 1214 (D. Haw. 2009) ("[T]he rescission provision of TILA contains a specific exemption for a "residential mortgage transaction," which is defined in the statute as: "a transaction in which a mortgage, deed of trust, purchase money security interest arising under an installment sales contract, or equivalent consensual security interest is created or retained against the consumer's dwelling to

[3]Redesignated as section 1602(x) of this title.

finance the acquisition or initial construction of such dwelling." (citing 15 U.S.C. § 1602(w)).

Second, even assuming a statutory right to rescind exists, the Burkes' claim is time-barred based on the allegations on the face of the Verified Complaint. Section 1635(a) provides a right to rescind a loan transaction "until midnight of the third business day following the consummation of the transaction or the delivery of the information and rescission forms required under this section together with a statement containing [the required material disclosures.]" If the required disclosures are not provided, the right to rescind is extended and expires "three years after the date of consummation of the transaction or upon the sale of the property, whichever occurs first[.]" 15 U.S.C. § 1635(f).[4]

The Ninth Circuit has made clear that an obligor who wishes to cancel a loan must provide actual notice within the three-year statutory period.[5] Section 1635(f) is an absolute statute of repose barring "any [TILA rescission] claims filed more than three years after the consummation of the transaction." *Miguel v. Country Funding Corp.*, 309 F.3d 1161, 1164 (9th Cir. 2002) (citing *King v. Cal.*, 784 F.2d 910, 913 (9th Cir. 1986)). The three-year period is not subject to equitable tolling.

---

[4]A transaction is "consummated" when a consumer becomes contractually obligated. *Jackson v. Grant*, 890 F.2d 118, 120 (9th Cir. 1989) (citing 12 C.F.R. § 226.2(a)(13)).
[5]Plaintiffs' rescission rights in foreclosure under Section 1635(i) remain "subject to the time period provided in subsection [1635](f)."

*See Beach v. Ocwen Fed. Bank*, 523 U.S. 410, 412 (1998) (stating that "§ 1635(f) completely extinguishes the right of rescission at the end of the 3-year period," even if a lender failed to make the required disclosures); *see also Mohanna v. Bank of Am., N.A.*, 2016 WL 1729996, at *4 (N.D. Cal. May 2, 2016) ("A borrower's right to seek rescission under TILA is subject to a three-year statute of repose. Any attempt to rescind more than three years after the date of the 'consummation of the transaction' is absolutely time-barred.") (quoting *Jesinoski v. Countrywide Home Loans, Inc*., 135 S. Ct. 790, 792 (2015)). Plaintiffs failed to meet the deadline.

The Burkes allege that they executed their right to rescind the loan under TILA when they mailed the Notice of Rescission on November 13, 2015 and recorded it with the Bureau of Conveyances on March 10, 2016. *See* Verified Complaint, Ex. A. None of these occurrences, however, is within three years of the consummation of the December 11, 2007 Mortgage that they seek to rescind. The Burkes do not contest that their Notice of Rescission was untimely. *See* Mem. In Opp'n at 6 ("Plaintiffs allege that defendants ignored Plaintiffs rescission in its Circuit Court case State of Hawaii even when confronted with a lawful judicial notice. . . . All that is required of the Borrower(s) is a Notice."). In fact, the Burkes contend that because Defendant failed to return their original cancelled Note within twenty days after receiving their Notice of Rescission, the loan is rescinded,

and Plaintiffs are entitled to retain the Property without further financial obligation. Plaintiffs are mistaken.

To the extent the Burkes baldly assert that Defendant's failure to respond to their Notice of Rescission within 20 days entitles them to rescission even though the notice is time-barred, they are wrong for two reasons. First, the lender was not required to respond to the late-filed Notice of Rescission. *See Lohse v. Deutsche Bank Trust Co. Americas as Trustee for Residential Accredit Loans, Inc. Pass Through Certificates 2006-Q03, et al.*, 2016 WL 1322891, at *4 (E.D. Cal. Apr. 4, 2016) (rejecting plaintiff's "contention that defendants' failure to respond to their . . . rescission letter within twenty days resulted in a waiver of their right to contest plaintiff's rescission under TILA," and noting that "TILA does not impose an obligation on the lender to [take action] within twenty days where the borrower provides the notice of rescission outside the three-year statutory period."). Second, the statute is not self-effectuating and imposes no automatic obligation on Defendant to rescind the mortgage loan. *See McOmie-Gray v. Bank of Am. Home Loans*, 667 F.3d 1325, 1327 (9th Cir. 2012); *see also Yamamoto v. Bank of N.Y.*, 329 F.3d 1167, 1172 (9th Cir. 2003) (rejecting argument that rescission is "accomplished automatically upon . . . communicat[ion of] a notice of rescission, without regard to whether the law permits [rescission] on the grounds asserted"). Construing the statute otherwise "would give TILA claimants the right to simply walk away with a

windfall . . . without any further obligation, a result certainly not intended by Congress." *Bradford v. HSBC Mortg. Corp.*, 838 F. Supp. 2d 424, 429 (E.D. Va. 2012) (internal citation and quotation omitted).

In any event, there is no dispute that Plaintiffs sent their Notice of Rescission more than seven years after executing their loan, well after the expiration of any statutory right to rescind. Thus, their Notice of Rescission is a nullity and does not entitle the Burkes to an order declaring the Mortgage rescinded.

Because the Section 1635(b) rescission claim is time-barred based on the unambiguous allegations on the face of the Verified Complaint and Exhibits thereto, no amendment could save this claim. *See Sluka v. Rushmore Loan Mgmt. Servs., LLC*, 2016 WL 6275387, at *3 (D. Haw. Oct. 26, 2016) (dismissing time-barred TILA Section 1635(b) claim with prejudice, finding that amendment would be futile). Accordingly, Defendant's Motion is granted as to this claim, and Count I is dismissed without leave to amend.

### B.    Count II: Violation Of TILA Section 1641(g)

Count II alleges that Countrywide and unidentified "successors and/or assigns" are liable for monetary damages and removal of any cloud of title on the Property for failing to provide the Burkes with notice of assignment of the Mortgage within thirty days of the transaction, in violation of TILA Section 1641(g). Verified Complaint at 6–9. Prior to the filing of this civil action, the most recent

assignment was on February 7, 2014. This assignment and all previous publicly recorded assignments of the Mortgage are attached as exhibits to the state foreclosure complaint filed on October 20, 2014. *See* Def.'s Ex. 2 (Foreclosure Complaint). Plaintiffs deny receiving written notice of any assignment as required by Section 1641(g).

Claims for damages under TILA must be brought "within one year from the date of the occurrence of the violation." 15 U.S.C. § 1640(e). Equitable tolling can apply under limited circumstances. *See King v. Cal.*, 784 F.2d 910, 915 (9th Cir. 1986) ("[T]he doctrine of equitable tolling may, in the appropriate circumstances, suspend the limitations period until the borrower discovers or had reasonable opportunity to discover the . . . nondisclosures that form the basis of the TILA action.").

Even assuming the truth of the Burkes' allegations, the purported nondisclosures themselves cannot serve as a basis to justifying tolling. That is, without more, nondisclosure is insufficient to support tolling of the limitations period. *See Teaupa v. U.S. Nat'l Bank*, 836 F. Supp. 2d 1083, 1094 (D. Haw. 2011); *accord Garcia v. Wachovia Mort. Corp.*, 676 F. Supp. 2d 895, 896 (C. D. Cal. 2009) ("the mere existence of TILA violations and lack of disclosure does not itself equitably toll the statute of limitations"). Because the Burkes allege nothing more than nondisclosure, there is no basis to equitably toll the statute of

limitations—especially in light of the fact that the publicly filed notice of assignment is also an exhibit to the state foreclosure complaint filed against the Burkes on October 20, 2014.  *See* Def.'s Ex. 2

The record establishes that the most recent assignment of the Mortgage was executed on February 7, 2014.   The Burkes filed the present civil action on May 17, 2017—over three years later.   Because the Burkes did not bring their claim within one year from the date of the occurrence of the violation, and there is no basis to find equitable tolling, their TILA Section 1641 claim for damages is time-barred. Defendant's Motion is granted as to this claim, and Count II is dismissed without leave to amend.

### C.    Count III: Avoidance Or Cancellation Of The Loan

Count III seeks to void or cancel the Note and Mortgage pursuant to TILA Section 1635(b) and is premised on Count I's claim for violation of that same statute.   *See* Verified Complaint at 9–10.   The Burkes request a "judicial declaration that any Mortgage arising from the transaction cancelled on authority of Title 15 U.S.C § 1635(b) is null and void, and granting Plaintiff quiet title in the Property.   [The Burkes] are further entitled to a return of [their] original Note." Verified Complaint at 10.   To the extent Count III is premised entirely on Count I, the claim fails for same the reasons addressed above and is likewise dismissed

without leave to amend.   To the extent it additionally seeks to quiet title, that claim is addressed below.

### D.   <u>Count IV: Quiet Title</u>

Count IV seeks to quiet title based on violations of Sections 1635(b) and 1641(g): "Defendant's failure to comply with [Section] 1635(b) . . . relieved Plaintiff[s] of any obligation to 'tender' in-kind, and Plaintiff[s] seek[] [a] judicial declaration that title to the Subject Property is vested in Plaintiff[s] alone[,]" and any one "purporting to be a 'new creditor' as contemplated in [Section] 1641(g) be declared to have no estate, right, title or interest in Subject Property."   Verified Complaint at 10–11.   To the extent Count IV's quiet title claim is premised on time-barred Counts I and II, it necessarily fails for the same reasons and is correspondingly dismissed.

Even if liberally construed as a quiet title claim under state law, the Burkes have not alleged the most basic facts regarding the interests of various parties to make out a cognizable "quiet title" claim.[6]   Moreover, plaintiffs bringing a quiet title claim against a mortgagee or purported servicer for the mortgagee are required to allege that they are able to tender the amount of indebtedness.   *See Nat'l Mortg. Ass'n v. Kamakau*, 2012 WL 622169, at *9 (D. Haw. Feb. 23, 2012) ("A basic

---

[6]Hawaii law provides that a quiet title "[a]ction may be brought by any person against another person who claims, or who may claim adversely to the plaintiff, an estate or interest in real property, for the purpose of determining the adverse claim."   HRS § 669-1(a).

requirement of an action to quiet title is an allegation that plaintiffs are the rightful owners of the property, *i.e.*, that they have satisfied their obligations under the [note and mortgage].") (internal quotation marks and citation omitted); *Benoist v. U.S. Bank Nat'l Ass'n*, 2012 WL 3202180, at \*10 (D. Haw. Aug. 3, 2012) ("[T]ender is required, regardless of whether the claim is based on common law or statute."); *Caraang v. PNC Mortg.*, 795 F. Supp. 2d 1098, 1126 (D. Haw. 2011) ("In order for mortgagors to quiet title against the mortgagee, the mortgagors must establish that they are the rightful owners of the property and they have paid, or are able to pay, the amount of their indebtedness."). Cases from this district and elsewhere rely on this rule requiring plaintiffs "to establish [their] superior title by showing the strength of [their] title as opposed to merely attacking the title of the defendant." *Amina v. Bank of N.Y. Mellon*, 2012 WL 3283513, at \*3 (D. Haw. Aug. 9, 2012). The Burkes do not allege that they have paid the outstanding loan balance or that they are able to do so.

For these reasons, the Burkes fail to state a claim for quiet title, and Count IV is dismissed. Because amendment *may* be possible with respect to their non-TILA claims, however, Plaintiffs are granted leave to attempt to cure the deficiencies in this claim.

### III.   <u>Plaintiffs Are Granted Limited Leave To Amend</u>

Plaintiffs seek leave to amend to allege fraud claims.   *See* Mem. In Opp'n at 8.   They do not specify against whom they would assert fraud claims or upon what specific facts.   Nevertheless, the Court cannot say at this time that such amendment would be futile.   Accordingly, Plaintiffs' request for leave to amend is GRANTED. Plaintiffs may file an amended complaint on or before **September 8, 2017**, and must comply with the Federal Rules of Civil Procedure and the Local Rules for the District of Hawaii.

If Plaintiffs choose to file an amended complaint, they are CAUTIONED that they must write short, plain statements telling the Court: (1) the specific basis of this Court's jurisdiction; (2) the constitutional or statutory right Plaintiffs believe was violated; (3) the name of the defendant who violated that right; (4) exactly what that defendant did or failed to do; (5) how the action or inaction of that defendant is connected to the violation of Plaintiffs' rights; and (6) what specific injury Plaintiff suffered because of that defendant's conduct.   Plaintiffs must repeat this process for each person or entity named as a defendant.   If Plaintiffs fail to affirmatively link the conduct of each named defendant with the specific injury suffered, the allegation against that defendant will be dismissed for failure to state a claim.

An amended complaint generally supersedes a prior complaint, and must be complete in itself without reference to the prior superseded pleading.   Plaintiffs

need not reallege their Section 1635(b) and Section 1641(g) claims.   Because they are dismissed with prejudice, these claims are preserved for any future appeal.   *See Lacey v. Maricopa Cty.*, 693 F.3d 896, 928 (9th Cir. 2012) ("[C]laims dismissed with prejudice [need not] . . . be repled in a[n] amended complaint to preserve them for appeal.").

The amended complaint must designate that it is the "First Amended Complaint" and may not incorporate any part of the Verified Complaint.   Rather, any specific allegations must be retyped or rewritten in their entirety.   Plaintiffs may include only one claim per count.   Failure to file an amended complaint that attempts to cure the deficiencies noted in this Order by **September 8, 2017** will result in the automatic dismissal of this action without prejudice.

## CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss is GRANTED. Plaintiffs are granted limited leave to file an amended complaint in accordance with the terms of this order by no later than **September 8, 2017**.   The Court CAUTIONS

the Burkes that failure to file an amended complaint by **September 8, 2017** will result in the automatic dismissal of this action without prejudice.

IT IS SO ORDERED.

DATED: August 7, 2017 at Honolulu, Hawaiʻi.



_____
Derrick K. Watson
United States District Judge

*Burke v. Countrywide Morgt. Ventures, LLC*, CV NO. 17-00220 DKW-RLP; **ORDER GRANTING DEFENDANT'S MOTION TO DISMISS WITH LEAVE TO AMEND**