IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

THOMAS MICHAEL BURKE;
ELIZABETH BRAXTON BURKE,

        Plaintiffs,

    vs.

COUNTRYWIDE MORTGAGE
VENTURES, LLC dba WESTERN
PARADISE FINANCIAL *et al.*,

        Defendants.

CIVIL NO. 17-00220 DKW-RLP

**ORDER GRANTING MOTIONS TO
DISMISS**

**INTRODUCTION**

Plaintiffs Thomas Michael Burke and Elizabeth Braxton Burke, proceeding

pro se, bring numerous claims against various lenders, loan servicers, and the

foreclosing mortgagee under the Truth in Lending Act, 15 U.S.C. § 1601 *et seq*.

("TILA"), the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601 *et seq*.

("RESPA"), and 12 C.F.R. Part 226 ("Regulation Z").   The Court previously

dismissed the Burkes' Verified Complaint on August 7, 2017, with detailed

instructions on the filing of an amended complaint.   *See* Dkt. No. 17 (8/7/17 Order).

Defendants Countrywide Mortgage Ventures, LLC dba Western Paradise Financial

("Countrywide") and Bank of America, N.A. ("BANA") each filed Motions to

Dismiss the Burkes' First Amended Verified Complaint, in light of their failure to comply with the Court's August 7, 2017 Order.[1] Because Plaintiffs' causes of action are time-barred and otherwise fail to state claims for relief, the Court GRANTS Defendants' Motions. Moreover, because further amendment of the Burkes' claims would be futile, dismissal is with prejudice.

## BACKGROUND

## I.  Pending Foreclosure Action

The Burkes' federal claims against Countrywide relate to a Mortgage on their real property, located at 2073 Kahaapo Loop, Kihei, Hawaii 96753 ("Property"), at issue in a pending state foreclosure proceeding filed on October 20, 2014 in the Circuit Court of the Second Circuit, State of Hawaii. *See* 8/7/17 Order (citing Def.'s Ex. 2 (Certified Copy of Foreclosure Compl.)); Dkt. No 10–2.[2] In *Christiana Trust, a Division of Wilmington Savings Fund Society, FSB, not in Its*

---

[1]Defendants Fay Servicing, LLC, Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, Not Individually But As Trustee For Hilldale Trust, and U.S. Bank N.A., As Legal Title Trustee for Truman 2016 SC6 Title Trust (together, "Fay Defendants") and Mortgage Electronic Registration Systems, Inc. ("MERS") filed joinders in the pending Motions to Dismiss. *See* Dkt. Nos. 33 (Fay Defendants' Joinder to Countrywide's Motion); 38 (MERS' Joinder to Countrywide's Motion), and 41 (Fay Defendants' and MERS' Joinder to BANA's Motion).
[2]The Court takes judicial notice of documents whose contents are incorporated by reference in or attached to Plaintiffs' pleadings, including the Mortgage, Note, and Notice of Rescission recorded at the State of Hawaii Bureau of Conveyances. *Davis v. HSBC Bank Nevada, N.A.,* 691 F.3d 1152, 1160 (9th Cir. 2012). The Court also considers matters that are the proper subject of judicial notice pursuant to Federal Rule of Evidence 201, including publicly available and recorded documents. *Lee v. City of Los Angeles*, 250 F.3d 668, 688-89 (9th Cir. 2001); *Tellabs, Inc. v. Makor Issues & Rights, Ltd.,* 551 U.S. 308, 322 (2007); *Barber v. Ohana Military Communities, LLC*, 2014 WL 3529766, *4 (D. Haw. July 15, 2014).

*Individual Capacity but as Trustee of ARLP Trust 3 v. T. Michael Burke, et al.*, Civil

No. 14-1-0603(1) ("state foreclosure action"), the foreclosing mortgagee seeks to

enforce its interest in the $800,000 Mortgage on the Property, and Promissory Note

secured by the Mortgage, both executed on December 11, 2007.   *See* Verified

Complaint, Ex. B (12/11/07 Mortgage), Dkt. No 1-2; Ex. C (12/11/07 Note), Dkt.

No. 1-3.

The foreclosing mortgagee, Christiana Trust, asserts that it is the holder of the

Note and assignee of the Mortgage by way of assignments from Countrywide to

BANA on February 10, 2012, and then from BANA to Christiana Trust on February

7, 2014.   *See* 8/7/17 Order (citing Foreclosure Compl. ¶¶ 6–9).   Christiana Trust

alleges that the Burkes received a notice of default and intent to accelerate and

foreclose the Mortgage in 2012, but despite the notice, the Burkes neglected to cure

the default.   *See* 8/7/17 Order (citing Foreclosure Compl. ¶¶ 11).   The Burkes

challenge Christiana Trust's standing to foreclose on the Property, based in part on

their Notice of Rescission/Right to Cancel, recorded at the State of Hawaii Bureau of

Conveyances on March 18, 2016.   Verified Complaint, Ex. A (Notice of

Rescission), Dkt. No. 1-1.

## II.     Plaintiffs' Federal Court Action

On May 17, 2017, the Burkes initiated this federal civil action solely against

Countrywide and any "Un-Noticed New Creditor" defendants purporting to be

"successors and/or assigns." Their original Verified Complaint alleged four causes of action, each directed at rescinding, voiding, or canceling their loan on the Property: (1) failure to comply with the requirements of 15 U.S.C. § 1635(b) by returning Plaintiffs' original Note (Count I); (2) violation of 15 U.S.C. § 1641(g) that seeks to remove any cloud on the Property's title (Count II); (3) request to void or cancel the mortgage under 15 U.S.C. § 1635(b) (Count III); and (4) an action to quiet title pursuant to 15 U.S.C. §§ 1635(b) and 1641(g) (Count IV). Among other relief, the Verified Complaint asked that the Court "set[] aside any and every Mortgage or . . . instrument that is or may be purported to 'secure' the said cancelled transaction," and that any "Un-Noticed," "New Creditor" be enjoined from taking any action "based upon any security interest that Defendant failed to 'take any action necessary or appropriate to reflect the termination of . . .', as mandated by law in [Section] 1635(b)." Verified Complaint at 11. On August 7, 2017, this Court dismissed the original Verified Complaint and granted Plaintiffs limited leave to amend in order to allege fraud-based claims and to cure the deficiencies noted in the order. *See* Dkt. No. 17 at 23–25 (8/7/17 Order). The Burke's various TILA claims, however, were dismissed *with prejudice* as time-barred. *Id*. at 13–20.

On September 11, 2017, the Burkes filed their First Amended Verified Complaint ("FAC"), naming BANA, MERS, and the Fay Defendants in addition to Countrywide, and re-alleging numerous TILA claims that were previously

dismissed as time-barred amid the twenty-four causes of action asserted. FAC, Dkt. No. 18. The FAC declares: "This is an action for retirement and return of an illegal Note to certain real estate. This purported Note and the actions taken by Defendants collectively contain unfair trade practices and predatory lending practices[.]" FAC ¶ 4. The Burkes allege that when the Mortgage and Note were executed on or about December 11, 2007, Countrywide did not make required disclosures, "which now affects all Defendants." FAC ¶¶ 5–13. They also maintain that they never received a Notice of Default and Right to Cure or any notice or acceleration. FAC ¶¶ 15–18. The FAC seeks rescission of the Mortgage and Note in order "to clear title to [the] property," FAC ¶ 154; damages for federal statutory violations in the amount of $90,000 and for unfair and deceptive acts and practices ("UDAP") in the amount of $180,000, FAC ¶¶ 155–57; and $1,000,000 for violation of Defendants' fiduciary duty. FAC ¶ 160.

Countrywide and BANA move for dismissal of the FAC because the TILA-based claims are time-barred and it otherwise fails to state a claim for relief. MERS and the Fay Defendants join in Countrywide and BANA's Motions. Plaintiffs did not file any opposition to the Motions.

# STANDARD OF REVIEW

## I.    Motion To Dismiss Under Rule 12(b)(6)

Federal Rule of Civil Procedure 12(b)(6) authorizes the Court to dismiss a complaint that fails "to state a claim upon which relief can be granted."   Rule 12(b)(6) is read in conjunction with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief."   Fed. R. Civ. P. 8(a)(2).   The Court may dismiss a complaint either because it lacks a cognizable legal theory or because it lacks sufficient factual allegations to support a cognizable legal theory.   *Balistreri v. Pacifica Police Dep't.*, 901 F.2d 696, 699 (9th Cir. 1988). Pursuant to *Ashcroft v. Iqbal*, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"   555 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 570 (2007)).   "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.*   Accordingly, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."   *Id.* (citing *Twombly*, 550 U.S. at 555).   Rather, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."   *Id.* (citing *Twombly*, 550 U.S. at 556).   Factual allegations that only permit the court to infer "the mere possibility of

misconduct" do not constitute a short and plain statement of the claim showing that the pleader is entitled to relief as required by Rule 8(a)(2).  *Id*. at 679.

"A statute-of-limitations defense, if 'apparent from the face of the complaint,' may properly be raised in a motion to dismiss."  *Seven Arts Filmed Entm't Ltd. v. Content Media Corp*., 733 F.3d 1251, 1254 (9th Cir. 2013) (quoting *Conerly v. Westinghouse Elec. Corp*., 623 F.2d 117, 119 (9th Cir. 1980)); *see also Rivera v. Peri & Sons Farms, Inc*., 735 F.3d 892, 902 (9th Cir. 2013) ("When an affirmative defense is obvious on the face of a complaint, . . . a defendant can raise that defense in a motion to dismiss.") (citing *Cedars-Sinai Med. Ctr. v. Shalala*, 177 F.3d 1126, 1128–29 (9th Cir. 1999)).  That said, "a complaint cannot be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts that would establish the timeliness of the claim."  *Supermail Cargo, Inc. v. United States*, 68 F.3d 1204, 1206–07 (9th Cir. 1995) (citation and quotation marks omitted).  In making such a determination, the Court is not "required to accept as true allegations that contradict . . . matters properly subject to judicial notice[.]"  *Seven Arts*, 733 F.3d at 1254 (internal quotation marks omitted).  In this case, the statute of limitations issues are apparent on the face of the FAC.

## II.    <u>Plaintiffs' Pro Se Status</u>

Because Plaintiffs are proceeding pro se, the Court liberally construes their filings.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Eldridge v. Block*, 832

F.2d 1132, 1137 (9th Cir. 1987) ("The Supreme Court has instructed the federal courts to liberally construe the 'inartful pleading' of pro se litigants.") (citing *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam)).   The Court recognizes that "[u]nless it is absolutely clear that no amendment can cure the defect . . . a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action."   *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995); *see also Crowley v. Bannister*, 734 F.3d 967, 977-78 (9th Cir. 2013).

A court may, however, deny leave to amend where further amendment would be futile.   *See, e.g., Leadsinger, Inc. v. BMG Music Pub.*, 512 F.3d 522, 532 (9th Cir. 2008) (reiterating that a district court may deny leave to amend for, among other reasons "repeated failure to cure deficiencies by amendments previously allowed . . . [and] futility of amendment"); *Gardner v. Martino*, 563 F.3d 981, 990 (9th Cir. 2009) (Leave to amend may be denied "where the amendment would be futile.").

## DISCUSSION

First, because the First Amended Complaint fails to timely allege any TILA-based claim upon which relief can be granted, all time-barred claims are dismissed with prejudice.   Second, as to the non-TILA claims, the FAC suffers from many of the same deficiencies previously identified in the Court's August 7, 2017 Order dismissing the Verified Complaint with limited leave to amend—those

claims are likewise time-barred, fail to state claims for relief, and fall short of the pleading standards of Federal Rule of Civil Procedure Rule 8. Because the FAC makes no factual allegations against BANA, does little more than attempt to bring new TILA-related claims against Countrywide and/or the Fay Defendants, and this Court has already determined that the TILA claims are time-barred, the Court finds that further leave to amend is futile, and the FAC is DISMISSED WITH PREJUDICE.[3]

## I.  The Untimely TILA Claims Are Dismissed With Prejudice

As before, Plaintiffs' TILA claims are time-barred as a matter of law. Further, even if timely, the FAC fails to plausibly allege claims for violation of the cited provisions as to BANA, MERS, and the Fay Defendants who did not originate Plaintiffs' loan. Defendants' Motions are therefore granted and all time-barred TILA claims are once more dismissed with prejudice.

---

[3]As a preliminary matter, the Court observes that Plaintiffs neither adhered to the specific guidance nor heeded the prior warnings provided in the Court's August 7, 2017 Order. The Court permitted them limited leave to amend to attempt to cure the deficiencies noted in that Order, but specifically explained that certain time-barred claims were dismissed *with prejudice* and cautioned that those claims were *not* to be re-alleged in any amended complaint. *See* 8/7/17 Order at 23–24 (explaining that the Burkes should "not reallege their Section 1635(b) and Section 1641(g) claims[, and b]ecause they are dismissed with prejudice, these claims are preserved for any future appeal"); *see also id*. at 22 ("Because amendment *may* be possible with respect to their non-TILA claims, however, Plaintiffs are granted leave to attempt to cure the deficiencies [specifically noted]."). The FAC, however, again alleges TILA claims against Countrywide and new parties. Insofar as the FAC simply repeats the same allegations against Countrywide, it is axiomatic that they fail to state a claim—they were all previously dismissed for that reason. Even viewing the FAC in the light most favorable to the Burkes, the re-asserted claims previously dismissed *with prejudice* exceed the leave to amend granted in the Court's August 7, 2017 Order.

The FAC asserts that the following disclosure requirements were not met, dating to the loan origination on December 11, 2007—

5. On or about December 11, 2007, the Countrywide Defendant did not fully disclose the fact that there would be an escrow account formed to take in taxes and insurance on a monthly basis, which now affects all Defendants.

6. On or about December 11, 2007, the Countrywide Defendant padded the escrow amount, which now affects all Defendants.

7. On or about December 11, 2007, the Countrywide Defendant failed to give to the Plaintiff a proper Notice of Right to Cancel form, any mention of "right to cancel" (if given at all) did not disclose dates of proper consummation and by which date the Plaintiff could rescind. The Countrywide Defendant also failed to obtain the Plaintiff's signature on that form, evidencing that the Defendant delivered such document mentioned above in number 5, which now affects all Defendants.

8. On or about December 11, 2007, the Countrywide Defendant failed to give to the Plaintiff Defendant's receipt that the Note was deposited into Plaintiff's Account, which now affects all Defendants.

9. Plaintiff also seeks recovery for damages for non-disclosure of Plaintiff's right to cancel, non-disclosure of certain Truth in Lending disclosures and Federal violations of numerous consumer rights relative to the TILA and RESPA disclosures, which now affects all Defendants.

10. On or about December 11, 2007, Plaintiff and the Countrywide Defendant purported to execute a Mortgage and Note, purported loan number 182078358. The said purported Mortgage and Note were never consummated by both parties signing therein. Defendant never during the duration of the purported loan transaction, within a

reasonable amount of time, ever gave the Plaintiff a signed copy of the purported Mortgage and note and mandated TILA and RESPA disclosures, which now affects all Defendants.

11. Either before, during and/or after the purported settlement, the Countrywide Defendant failed and/or refused to provide Plaintiff with copies of important documents, including the complete Mortgage and Note, which would explain Plaintiff's consumer rights, as well as other rights, including but not limited to, the right to cancel the contract and the Federal Truth in Lending Disclosures, such as the preliminary TILA disclosures, which now affects all Defendants.

12. The Countrywide Defendant also intentionally failed and/or refused to provide Plaintiff various disclosures that would indicate to Plaintiff that the contract entered into was void and illegal. For instance, Defendant failed to disclose that the loan obtained had an interest rate that did not meet the tolerances allowed by law, which now affects all Defendants.

13. The Countrywide Defendant's attorney and/or settlement officer did not furnish Plaintiff with copies of numerous important settlement documents, ever in the loan's history.

Below, the Court addresses the Burkes' various causes of action based upon these non-disclosures, each of which is subject to either the one-year or three-year limitations periods provided in TILA Section 1640(e), and all of which are time-barred based upon the allegations in the FAC.

## A. All TILA And Regulation Z Claims Subject To A One-Year Limitations Period Are Dismissed With Prejudice As Time-Barred

The Burkes' Fourth, Sixth, Seventh, Eighth, Ninth, Tenth, Twelfth, Thirteenth, Fifteenth, Sixteenth, Seventeenth, Eighteenth, Nineteenth, Twentieth, and Twenty-First Causes of Action allege an assortment of violations of sections of TILA, 15 U.S.C. § 1601 *et seq.* and Regulation Z, 12 C.F. R. § 226 *et seq.*, and seek statutory damages. Any TILA claim for damages must be brought "within one year from the date of the occurrence of the violation." 15 U.S.C. § 1640(e). "For violations of TILA's disclosure requirements, this one-year period generally begins to run from the date of consummation of the loan." *Pregana v. CitiMortgage, Inc.*, 2015 WL 1966671, at *6 (D. Haw. Apr. 30, 2015), *aff'd*, 702 F. App'x 624 (9th Cir. 2017) (citing *Sakugawa v. IndyMac Bank, F.S.B.*, 2010 WL 4909574, at * 3 (D. Haw. Nov. 24, 2010). That is, the date of the Note and the Mortgage. *Young v. Bank of N.Y. Mellon*, 848 F. Supp. 2d 1182, 1192 (D. Haw. 2012). The same is true for alleged violations of Regulation Z, 12 C.F.R. § 226. *See Garcia v. Am. Home Mort. Servicing Inc.*, 2011 WL 6141047, at *5 (N.D. Cal. Dec. 9, 2011) ("Alleged violations of Regulation Z, 12 C.F.R. § 226, are subject to the same one-year limitation period as TILA claims for damages under 15 U.S.C. § 1640(e).").

The Burkes' Fourth cause of action alleges that "required disclosure statements are completely missing under 15 U.S.C. § 1638(a)(2)(b), (a)(9), (a)(11), and (a)(12) and Regulation Z, Part 226.17 *et seq.*" FAC ¶ 40. Numerous causes of

action assert failures to disclose documents required at loan closing, including: "the right to rescind or cancel settlement document," in violation of 12 C.F.R. § 226.23 (b)(1)(i)(iv) and (v), FAC ¶ 50 (Sixth cause of action); "separate form to cancel with an address of the creditor," in violation of 12 C.F.R. § 226.23 (b)(1)(iii), FAC ¶ 54 (Seventh cause of action); "interest and other disclosures were not given together with other information within the documents and the documents were not given before the consummation," resulting in deceptive grouping in violation of 12 C.F.R. § 226.17 (a) and (b), FAC ¶ 58 (Eighth cause of action); "good faith estimate," in violation of 12 C.F.R. § 226.18 (b)(c) and 12 U.S.C. § 2601 *et seq*. (RESPA), FAC ¶ 62 (Ninth cause of action); "consumer statement referring to appropriate contract document and clause for information about nonpayment, default, and the right to accelerate," in violation of 12 C.F.R. § 226.18(p), FAC ¶ 66 (Tenth cause of action); "amount of the balance to which the rate was applied and an explanation of how that balance was determined," in violation of 12 C.F.R. § 226.4 *et seq*., FAC ¶ 74 (Twelfth cause of action); "the date by which or the time period within which the new balance or any portion of the new balance must be paid to avoid additional finance charges," in violation of 12 C.F.R. § 226.18(p), FAC ¶ 86 (Fifteenth cause of action); "signed copies of the complete mortgage," in violation of 15 U.S.C. § 1601 *et seq*., FAC ¶ 90 (Sixteenth cause of action); "sign[ed] . . . required loan documents and disclosures," in violation of 15 U.S.C. § 1601 *et seq*. and Regulation

Z, FAC ¶ 94 (Seventeenth cause of action); "that the settlement fees could not be a part of the amount financed," in violation of 15 U.S.C. § 1601 *et seq*. and Regulation Z, FAC ¶ 98 (Eighteenth cause of action); "that the loan obtained has an improper quoted interest rate and does not fall with[in] the tolerances as required" by 12 C.F.R. § 226.22(a)(2) and 12 U.S.C. § 2601 *et seq*., FAC ¶ 102 (Nineteenth cause of action); "the required 3 day cooling off period," in violation of 15 U.S.C. § 1601 *et seq*. and Regulation Z, FAC ¶ 106 (Twentieth cause of action); and conspicuous writings "in a form that Plaintiff[s] could keep," in violation of 15 U.S.C. § 1601 *et seq*. and 12 C.F.R. § 226.18, FAC ¶ 110 (Twenty-First cause of action).

Each of these alleged violations relates to documents not provided or not provided in the proper manner at the time of closing. Because Plaintiffs seek damages for TILA and Regulation Z violations, their claims must have been brought "within one year from the date of the occurrence of the violation," 15 U.S.C. § 1640(e), or, in other words, on or before December 11, 2008—one year from the consummation of the loan, or the date of the Note and Mortgage. Yet the Burkes did not commence the instant action until May 17, 2017, nine and a half years after the Note and Mortgage were signed. Because the Burkes failed to bring their TILA and Regulation Z claims within one year of consummating the loan, and the factual

allegations in the FAC do not establish a basis for equitable tolling,[4] these causes of action are time-barred.

Defendants' Motions are granted as to the Fourth, Sixth, Seventh, Eighth, Ninth, Tenth, Twelfth, Fifteenth, Sixteenth, Seventeenth, Eighteenth, Nineteenth, Twentieth, and Twenty-First Causes of Action, which are dismissed.   Because amendment with respect to the time-barred causes of action would be futile, dismissal of these claims is with prejudice.   *See Gardner v. Martino*, 563 F.3d 981, 990 (9th Cir. 2009).

---

[4]Equitable tolling may apply in certain circumstances:

> [T]he limitations period in Section 1640(e) runs from the date of consummation of the transaction but . . . the doctrine of equitable tolling may, in the appropriate circumstances, suspend the limitations period until the borrower discovers or had reasonable opportunity to discover the fraud or nondisclosures that form the basis of the TILA action.   Therefore, as a general rule the limitations period starts at the consummation of the transaction.   The district courts, however, can evaluate specific claims of fraudulent concealment and equitable tolling to determine if the general rule would be unjust or frustrate the purpose of the Act and adjust the limitations period accordingly.

*King v. State of Cal.*, 784 F.2d 910, 915 (9th Cir. 1986).   The Burkes' FAC, however, provides no basis to apply any equitable tolling principles.   *See Sakugawa*, 2010 WL 4909574, at * 3 ("[T]he Complaint pleads no facts indicating that Defendants prevented Plaintiff from discovering the alleged TILA violation or caused Plaintiff to allow the filing deadline to pass.").   Even assuming the truth of the Burkes' allegations, the asserted nondisclosures themselves cannot serve as a basis to justifying tolling.   That is, without more, nondisclosure is insufficient to support tolling of the limitations period.   *See Teaupa v. U.S. Nat'l Bank*, 836 F. Supp. 2d 1083, 1094 (D. Haw. 2011); *accord Garcia v. Wachovia Mort. Corp.*, 676 F. Supp. 2d 895, 896 (C. D. Cal. 2009) ("the mere existence of TILA violations and lack of disclosure does not itself equitably toll the statute of limitations").

**B.    The Fifth Cause Of Action Is Untimely And Fails To State A Rescission Claim**

The Burkes allege in their Fifth cause of action that "the transaction is rescindable" due to the lack of required disclosures under TILA and Regulation Z, 12 C.F.R. § 223.17(A)(1), and because they "were not presented in the manner required by law."    FAC ¶¶ 45–46.    This cause of action is deficient both because it is untimely and because the Court previously dismissed the Burkes' TILA rescission claim with prejudice.    First, any cause of action for failure to disclose loan documents in the manner required by either TILA or 12 C.F.R. § 223.17(A)(1) is subject to the one-year limitations period in 15 U.S.C. § 1640(e), and must have been brought by December 11, 2008.    Such claims are therefore untimely.

Second, insofar as Plaintiffs assert that the "transaction is rescindable" under TILA, the Court previously dismissed their TILA rescission claim with prejudice, both because no statutory right to rescind exists and because the claim was time-barred based upon the allegations and underlying documents.    *See* 8/7/17 Order at 14–18; *see also id*. at 18 ("Because the Section 1635(b) rescission claim is time-barred based on the unambiguous allegations on the face of the Verified Complaint and Exhibits thereto, no amendment could save this claim.") (citing *Sluka v. Rushmore Loan Mgmt. Servs., LLC*, 2016 WL 6275387, at *3 (D. Haw. Oct. 26, 2016) (dismissing time-barred TILA Section 1635(b) claim with

prejudice, finding that amendment would be futile)).    Defendants' Motions are granted with respect to the Fifth cause of action.

### C.    <u>Plaintiffs' Eleventh Cause Of Action Is Dismissed As Untimely</u>

The FAC's Eleventh cause of action asserts that "Defendants have continued and so continue[] to violate the Consumer Credit Protection Act, Title 15 [U.S.C.] Section 1601 *et seq*., and Regulation Z . . . Parts 226.4 and 5 . . . by failing to properly make the disclosures required by the Act and Regulation Z."    FAC ¶ 70. The alleged violations are subject to the one-year limitations period set forth in TILA Section 1640(e), and for the reasons stated above, are likewise untimely. Additionally, one of the provisions allegedly violated, 12 C.F.R. § 226.5, applies to "open-end credit" disclosures, which are "credit and charge card applications" or "home-equity plans."[5]    These provisions are not applicable to the disclosures that concern the Burkes' Mortgage and Note.    Because the claim is both untimely and

_____

[5]"Open-end credit" is defined in the regulation as "consumer credit extended by a creditor under a plan" in which:

    (i)    The creditor reasonably contemplates repeated transactions;
    (ii)   The creditor may impose a finance charge from time to time on an outstanding unpaid balance; and
    (iii)  The amount of credit that may be extended to the consumer during the term of the plan (up to any limit set by the creditor) is generally made available to the extent that any outstanding balance is repaid.

12 C.F.R. § 226.2(20).    On the other hand, "Closed-end credit means consumer credit other than 'open-end credit' as defined in this section."    12 C.F.R. § 226.2(10).

fails to state a cognizable legal claim that is plausible on its face, the Eleventh cause of action is dismissed without leave to amend.

### D. Plaintiffs' TILA Claims Subject To A Three-Year Limitations Period Are Dismissed With Prejudice As Time-Barred

The Burkes' Third cause of action against Countrywide for not providing two required statements "before during or immediately after the settlement," in violation of 15 U.S.C. § 1639(a)(1)(A) and (B), FAC ¶¶ 35–36, is subject to a three-year limitations period. *See* 15 U.S.C. § 1640(e) ("Any action under this section with respect to any violation of section 1639, 1639b, or 1639c of this title may be brought in any United States district court, or in any other court of competent jurisdiction, before the end of the 3-year period beginning on the date of the occurrence of the violation.").

The alleged "date of the occurrence of the violation" is December 11, 2007—the date of "settlement," FAC ¶ 36, on which Countrywide originated and the parties consummated the loan. Because Plaintiffs did not file their original Verified Complaint until May 17, 2017—well after the three-year period closed on December 11, 2010—their Third cause of action is dismissed as untimely.

In sum, Defendants' Motions are granted with respect to the above causes of action, and the time-barred TILA claims are dismissed with prejudice.

## II.   Plaintiffs' UDAP Claim Based On TILA Violations Is Untimely

Plaintiffs' First cause of action, entitled "Unfair Trade Practices Involving Non-Compliance With TILA," alleges that "mortgage documents and mandated disclosures under TILA and RESPA were not given by the Countrywide Defendant, after the settlement had taken place, and after Plaintiff[s] had purported to sign the documents," FAC ¶ 24, which "constitutes a false representation of the settlement agreement[.]"   FAC ¶ 25.   Insofar as their First cause of action repeats the "non-compliance with TILA" claims alleged elsewhere, Plaintiffs did not timely bring this action "within one year from the date of the occurrence of the violation" on December 11, 2007.   15 U.S.C. §1604(e).

Moreover, any unfair or deceptive acts or practices ("UDAP") claim in violation of Hawaii's Unfair Trade Practices Act, Hawaii Revised Statutes ("HRS") Chapter 480, is subject to a four-year limitations period.[6]   *See* HRS § 480-24 ("any action to enforce a cause of action arising under this chapter shall be barred unless commenced within four years after the cause of action accrues").   Because the cause of action here accrued on or about December 11, 2007 when the "mortgage documents and mandated disclosures . . . were not given by the Countrywide Defendant," FAC ¶ 24, the four-year statute of limitations has run, unless Plaintiffs

_____

[6]Section 480–2(a) states: "Unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are unlawful."

can allege facts sufficient to toll the statute of limitations. *See, e.g., Rundgren v. Bank of N.Y. Mellon*, 777 F. Supp. 2d 1224, 1230–31 (D. Haw. 2011) (finding that claims brought pursuant to Chapter 480 may take benefit of the fraudulent concealment doctrine to toll the statute of limitations). The FAC, however, includes no allegations suggesting that equitable tolling may apply to the UDAP claim based upon violations by Countrywide that occurred on or around date of the loan closing, December 11, 2007. Because Plaintiffs did not bring their UDAP claim against Countrywide by December 11, 2011, the claim is not timely.

To the extent the claim is grounded in the conduct of Countrywide post-loan closing, or based on another Defendants' failure to provide signed documents, the Burkes' fail to state a claim. As previously noted, Plaintiffs' loan was assigned to BANA on or about February 10, 2012, and then to Christiana Trust on February 7, 2014, yet Plaintiffs have failed to allege that any assignee took any actions that violated Chapter 480—all of the allegations relate to the settlement of the loan in 2007. Chapter 480 only "provides for a cause of action against a 'person, firm, company, association or corporation' that actually committed an unfair and deceptive trade practice." *Araki v. Bank of Am.*, 2010 WL 5625970, at *6 (D. Haw. Dec. 14, 2010) (quoting HRS § 480–3.1). Neither BANA, MERS, nor any of the Fay Defendants was the originating lender. FAC ¶¶ 10, 14. Thus, none of these non-originating lenders, servicers, or assignees may be liable for unfair or deceptive

acts that may have occurred when the loan was consummated. *See, e.g.*, *Rodenhurst v. Bank of Am*., 773 F. Supp. 2d 886, 895–96 (D. Haw. 2011). Insofar as the Burkes allege that any Defendant is liable as an assignee, their claim nonetheless fails because Section 480-2 liability does not attach "merely because one is an assignee." *Araki*, 2010 WL 5625970, at \*6; *Rodenhurst*, 773 F. Supp. 2d at 896 ("To the extent Plaintiffs argue that BofA is an assignee, their claims fail nonetheless because § 480-2 liability does not attach merely because one is an assignee.").

In any event, even if any UDAP claim were timely *and* stated a claim as to any party, federal law preempts HRS § 480-2 claims to the extent they are based on the same conduct alleged to violate TILA in originating the loan or failing to provide TILA disclosures. *Au v. Republic State Mortg. Co*., 2013 WL 1339738, at \*12 (D. Haw. Mar. 29, 2013); *see also Kajitani v. Downey Sav. & Loan Ass'n*, 647 F. Supp. 2d 1208, 1220 (D. Haw. 2008) (holding that TILA preempts a claim under HRS Ch. 480, where both are based on a lender's actions and representations in originating the loan); *Matsumura v. Bank of Am., N.A.*, 2012 WL 463933, at \*6 n.7 (D. Haw. Feb.10, 2012) ("Any claims under HRS Ch. 480 based upon violations of TILA (*e.g.*, failure to provide sufficient copies of right-to-cancel forms) are barred."); *Tedder v. Deutsche Bank Nat'l Trust Co*., 863 F. Supp. 2d 1020, 1030 (D. Haw. 2012) ("To the extent Plaintiff alleges [a Section 480-2] claim based on the alleged

failure to provide TILA disclosure documents, such claims are preempted to the extent they are based on alleged TILA violations."); *Enriquez v. Countrywide Home Loans, FSB*, 814 F. Supp. 2d 1042, 1063–64 (D. Haw. 2011) (noting that "while TILA does not preempt § 480-2 claims in general, TILA does preempt UDAP claims that are based on alleged TILA violations[,] [t]hus, the portion of Plaintiff's UDAP claim based on alleged TILA . . . violations fails to state a plausible UDAP claim, and Plaintiff cannot cure this defect through amendment.").

Allegations regarding Countrywide—or any Defendant's—failure to provide "mortgage documents and mandated disclosures in violation of TILA and RESPA . . . after the settlement had taken place, and after Plaintiff[s] had purported to sign the documents" in violation of HRS § 480-2 are therefore barred.   Because amendment of their UDAP claim would be futile, the Burkes' First cause of action is dismissed without leave to amend.

## III.   The Twenty-Second Cause Of Action Fails To State A Claim

The Twenty-Second cause of action states that Defendants "failed to give proper notice of Notice of Default and Right to cure and acceleration of the loan transaction as required by 12 U.S.C. § 2601 *et seq*. and 15 U.S.C. § 1601 *et seq*.," FAC ¶ 114,[7]  that Countrywide "converted" Plaintiffs' Promissory Note, FAC

---

[7]As noted above, the Court has taken judicial notice of the complaint filed in the state foreclosure action, which includes the notice of default and intent to accelerate the loan and foreclose if the

¶¶ 125–29, and that the Mortgage and Note are void.  FAC ¶ 133.  The Burkes

allege that Christiana Trust, the foreclosing mortgagee, "was not the Holder in Due

Course (or Holder in Possession), nor Party of Interest of the Note and Mortgage [in

the state foreclosure action] and thereby lacked standing to bring summons and

complaint."  FAC ¶ 130.

First, to the extent this claim invokes either RESPA, 12 U.S.C. § 2601 *et seq*.,

or TILA, 15 U.S.C. § 1601 *et seq.*, as the statutory basis for the alleged violation, it

fails to state plausible claims for the reasons discussed in Section I., *supra*.  Any

RESPA claim is also insufficiently pled, because it is not clear which provision of

the statute was violated by which party, nor do the allegations actually pled support a

plausible cause of action.[8]  To the extent the Burkes attempt to assert a claim for

violation of 12 U.S.C. § 2605(e) based on any Defendants' failure to provide loan

documents in response to a qualified written request ("QWR"), their allegations are

deficient.[9]  The FAC does not even allege the existence of a QWR.  Accordingly,

---

Burkes did not cure the default, dated October 5, 2012.  *See* Dkt. No. 10-2 (Ex. 6 to Foreclosure
Complaint).

[8]In general, only three sections of RESPA create a private right of action: (1) 12 U.S.C. § 2605
requiring disclosure to a loan applicant of whether the servicing of the loan may be assigned, sold
or transferred; notice to the borrower at the time of transfer; and responses by the loan servicer to
qualified written requests by the borrower; (2) 12 U.S.C. § 2607 prohibiting kickbacks for real
estate settlement services; and (3) 12 U.S.C. § 2608 prohibiting sellers from requiring buyers to
use a specific title insurer as a condition of its sale.  The FAC does not specifically assert a
violation of any of these sections.

[9]RESPA provides that "[i]f any servicer of a federally related mortgage loan receives a [QWR]
from the borrower (or an agent of the borrower) for information relating to the servicing of such

the FAC fails to state a cognizable RESPA claim under Section 2605(e). *See Rey v. Countrywide Home Loans, Inc.*, 2012 WL 253137, at *6 (D. Haw. Jan. 26, 2012).[10]

Second, this cause of action is wholly deficient insofar as it challenges Christiana Trust's—or any of the Fay Defendants'—standing as assignee to foreclose on the Mortgage or challenges their status as holder of the Note. *See Fields v. Nationstar Mortg. LLC*, 2015 WL 5162469, at *5 (D. Haw. Aug. 31, 2015) (citing *Pascual v. Aurora Loan Servs.*, 2012 WL 2355531, at *7 (D. Haw. June 19, 2012) (explaining the well-established rule rejecting this "show me the note theory," whereby "courts have soundly rejected borrowers' claims based on a lender's non-possession of and/or failure to produce the [] note."))[11]; *see also Rodenhurst v.*

---

loan, the servicer shall provide a written response acknowledging receipt of the correspondence within 20 days[.]" 12 U.S.C. § 2605(e)(1)(A). After receiving the QWR, within sixty days, the loan servicer must either correct the borrower's account or, after conducting an investigation, provide the borrower with a written explanation of: (1) why the servicer believes the account is correct; or (2) why the requested information is unavailable. *See* 12 U.S.C. § 2605(e)(2).

[10]In order to state a claim under RESPA, a plaintiff must allege facts showing that a specific defendant violated a RESPA provision and that plaintiff suffered "actual damages . . . as a result" of that defendant's failure to comply with that provision. 12 U.S.C. § 2605(f); *see Obeng Amponsah v. Chase Home Fin., LLC*, 2015 WL 4940462, at *1 (9th Cir. Aug. 20, 2015) (affirming dismissal of RESPA claim where the plaintiff's "allegations do not connect the alleged failure to respond to his qualified written requests with any actual damages"); *see also Petrovich v. Ocwen Loan Servicing, LLC*, 2015 WL 3561821, at * 2 (N.D. Cal. June 8, 2015) ("To state a claim under RESPA, a plaintiff must allege that (1) a defendant violated RESPA; and (2) that defendant's violation caused the plaintiff monetary damages."); *Menashe v. Bank of New York*, 850 F. Supp. 2d 1120, 1134 (D. Haw. 2012) ("Because damages are a necessary element of a RESPA claim, failure to plead damages is fatal to a RESPA claim."); *Rymal v. Bank of Am.*, 2011 WL 6100979, at *5 (D. Haw. Dec. 6, 2011) (dismissing RESPA claim because "Plaintiff's assertion that she had difficulty locating the real party in interest to mitigate losses or discuss 'work out options' d[id] not adequately constitute actual damages").

[11]*See also White v. IndyMac Bank, FSB,* 2012 WL 966638, at *8 (D. Haw. Mar. 20, 2012) (rejecting a "show me the note" argument for a UDAP claim); *Del Piano v. Mortg. Elec.*

*Bank of Am.*, 773 F. Supp. 2d 886, 898 (D. Haw. 2011) (rejecting the claim that securitization of a loan somehow renders the note and mortgage unenforceable).

The Twenty-Second cause of action fails to allege a plausible claim for relief against any party. Therefore, Defendants' Motions are granted as to this claim. Because the Court previously granted leave to amend similar allegations, and the Burkes have failed to correct the deficiencies in the FAC, dismissal is without further leave to amend.

## IV. <u>The FAC Fails To State A Claim Under UCC Article 9</u>

The Burkes' Second cause of action asserts that "the present case credit transaction is governed by the disclosure requirements of Revised Article 9 of the [Uniform Commercial Code ("UCC")] and is rescindable under 15 U.S.C. § 1635(a)." FAC ¶ 28. Defendants, including "assignees," never "disclose[d], file[d], or ha[d], the Plaintiff[s] sign the required UCC forms," FAC ¶ 31, and "refused to meet the disclosure requirements of Revised Article 9 of the UCC, by not providing the notice required or filing it before during or immediately after the

---

*Registration Sys, Inc*., 2012 WL 621975, at *10 (D. Haw. Feb. 24, 2012) (rejecting a "show me the note" claim as "baseless"); *Krakauer v. IndyMac Mort. Servs*., 2010 WL 5174380, at *9 (D. Haw. Dec. 14, 2010) (citing *Angel v. BAC Home Loan Servicing, LP*, 2010 WL 4386775, at *9–*10 (D. Haw. Oct. 26, 2010) ("[T]his Court and other district courts have rejected 'show me the note' arguments like Plaintiffs'.")); *Mansour v. Cal–Western Reconveyance Corp*., 618 F. Supp. 2d 1178, 1181 (D. Ariz. 2009) (discussing why courts routinely reject "show me the note" arguments to avoid foreclosure).

settlement or during the duration of the loan's history."  FAC ¶ 31.  The Burkes'

Second cause of action is flawed for several reasons.

First, UCC Article 9 does not apply to mortgage transactions.  *See* U.C.C.

9-109(d); HRS § 490:9-109(a)(1) (Article 9 applies to "[a] transaction, regardless of

its form, that creates a security interest in personal property or fixtures by contract");

*see also In re Cabebe*, 2016 WL 5844484, at *8 (Bankr. D. Haw. Oct. 5, 2016)

(noting that the UCC "does not apply to mortgages and other interests in real

property") (citing *Bank of Hawaii v. Davis Radio Sales & Service, Inc*., 6 Haw. App.

469, 479 (1986)); *In re Endresen*, 548 B.R. 258, 269 (B.A.P. 9th Cir. 2016), *appeal*

*dismissed* (July 1, 2016) ("Article 9 of the UCC does not apply to the 'creation or

transfer of an interest in or lien on real property . . . and the proceeds thereof.'  Put

simply, it does not govern trust deeds and mortgages.").

Second, Plaintiffs again seek rescission of the loan transaction pursuant to 15

U.S.C. § 1635(a), which the Court previously informed them in its Order of August

7, 2017, does not apply to "a residential mortgage transaction as defined in section

1602(w)."  Specifically—

> Section 1602 defines "residential mortgage transaction" as "a
> transaction in which a mortgage, deed of trust, purchase money
> security interest arising under an installment sales contract, or
> equivalent consensual security interest is created or retained
> against the consumer's dwelling to finance the acquisition or
> initial construction of such dwelling."  The Burkes' Mortgage
> states that "Borrower shall occupy, establish, and use the
> Property as Borrower's principal residence," Verified

Complaint, Ex. B at 6. As such, the Burkes do not establish that Section 1635(b) applies to this transaction in the first instance, or how the transaction they complain of is anything other than a "residential mortgage transaction" that is ineligible for rescission. *See also Zakarian v. Option One Mortg. Corp.*, 642 F. Supp. 2d 1206, 1214 (D. Haw. 2009) ("[T]he rescission provision of TILA contains a specific exemption for a "residential mortgage transaction," which is defined in the statute as: "a transaction in which a mortgage, deed of trust, purchase money security interest arising under an installment sales contract, or equivalent consensual security interest is created or retained against the consumer's dwelling to finance the acquisition or initial construction of such dwelling." (citing 15 U.S.C. § 1602(w)).

8/7/17 Order at 14.

Finally, the Court instructed the Burkes in its prior Order that even if their loan was subject to Section 1635(a), the time period to exercise that right has expired pursuant to 15 U.S.C. § 1635(f), based on the allegations on the face of their pleadings. Section 1635(a) provides a right to rescind a loan transaction "until midnight of the third business day following the consummation of the transaction or the delivery of the information and rescission forms required under this section together with a statement containing [the required material disclosures.]" If the required disclosures are not provided, the right to rescind is extended and expires "three years after the date of consummation of the transaction or upon the sale of the property, whichever occurs first[.]" 15 U.S.C. § 1635(f). An obligor who wishes

to cancel a loan must provide actual notice within the three-year statutory period.[12]

Section 1635(f) is an absolute statute of repose barring "any [rescission] claims filed

more than three years after the consummation of the transaction." *Miguel v.*

*Country Funding Corp.*, 309 F.3d 1161, 1164 (9th Cir. 2002) (citing *King v. Cal.*,

784 F.2d 910, 913 (9th Cir. 1986)).   The three-year period is *not* subject to equitable

tolling.  *See Beach v. Ocwen Fed. Bank*, 523 U.S. 410, 412 (1998) (stating that

"§ 1635(f) completely extinguishes the right of rescission at the end of the 3-year

period," even if a lender failed to make the required disclosures); *see also Mohanna*

*v. Bank of Am., N.A.*, 2016 WL 1729996, at *4 (N.D. Cal. May 2, 2016) ("A

borrower's right to seek rescission under TILA is subject to a three-year statute of

repose.   Any attempt to rescind more than three years after the date of the

'consummation of the transaction' is absolutely time-barred.") (quoting *Jesinoski v.*

*Countrywide Home Loans, Inc.*, 135 S. Ct. 790, 792 (2015)).   Plaintiffs failed to

meet the deadline.   Accordingly, Defendants' Motions are granted as to this claim,

and the Second cause of action is dismissed without leave to amend.

---

[12]Plaintiffs' rescission rights in foreclosure under Section 1635(i) remain "subject to the time period provided in subsection [1635](f)."

## V.   The Thirteenth Cause Of Action Fails To State A Claim

In their Thirteenth cause of action, the Burkes allege that Defendants "failed to disclose in or with the acceleration statement the amounts, itemized and identified by type, of charges other than finance charges debited to the account during the acceleration period as required by Title 12 Code of Federal Regulations, Section 226.21."   FAC ¶ 21.   Although they do not allege the date of the particular acceleration statement that was deficient, the Foreclosure Complaint in the state action was filed on October 20, 2014.   *See* Dkt. No. 10-2 (Foreclosure Complaint). Any cause of action based on TILA or Regulation Z, Section 226.21 violations is subject to the one-year limitations period in Section 1640(e) and is time-barred.

Moreover, because 12 C.F.R. § 226.21 regulates only the "treatment of credit balances"—and not the "itemiz[ation] and indentifi[cation] by type, of charges," as alleged by Plaintiffs—the FAC fails to state a claim for violation of this section as a matter of law.   *See* 12 C.F.R. § 226.21 (mandating creditor activity "[w]hen a credit balance in excess of $1 is created in connection with a transaction (through transmittal of funds to a creditor in excess of the total balance due on an account, through rebates of unearned finance charges or insurance premiums, or through amounts otherwise owed to or held for the benefit of a consumer)").   The Burkes allege no conduct on their part, nor on the part of any Defendant, triggering any responsibility to credit or refund any balance under 12 C.F.R. § 226.21.

Accordingly, the Thirteenth cause of action fails to state a cognizable claim and is dismissed.

## VI.     The Fourteenth Cause Of Action Fails To State A Claim

The Fourteenth cause of action asserts that "Defendants have inflated the acceleration fees without operation of law, which amounts to usury in violation of Banking Law at 12 U.S.C. § 2610 *et seq.*"   FAC ¶ 82.   As with their Thirteenth cause of action, the Burkes do not allege the date of the particular acceleration statement nor the amounts of the acceleration fees alleged to be usurious. However, the Court again notes that the Foreclosure Complaint in the state action was filed on October 20, 2014.   *See* Dkt. No. 10-2 (Foreclosure Complaint).

To the extent they rely upon 12 U.S.C. § 2610 *et seq.*, the Burkes fail to state a claim under RESPA, TILA, or under "Banking Law."   The cited statute, entitled "Prohibition of fees for preparation of truth-in-lending, uniform settlement, and escrow account statements," provides in full—

> No fee shall be imposed or charge made upon any other person (as a part of settlement costs or otherwise) by a lender in connection with a federally related mortgage loan made by it (or a loan for the purchase of a mobile home), or by a servicer (as the term is defined under section 2605(i) of this title), for or on account of the preparation and submission by such lender or servicer of the statement or statements required (in connection with such loan) by sections 2603 and 2609(c) of this title or by the Truth in Lending Act.

12 U.S.C. § 2610.   Plaintiffs' allegations regarding inflated "acceleration fees without operation of law" are not covered by this RESPA provision.   Nor do they elaborate on their theory of how such fees amount to "usury in violation of Banking Law."   FAC ¶ 82.   Accordingly, the Fourteenth cause of action fails to state a plausible claim for relief and is dismissed.

## VII.   Plaintiffs Are Not Entitled To The Relief They Seek In The Twenty-Third And Twenty-Fourth Causes Of Action

In the Twenty-Third and Twenty-Fourth causes of action, the Burkes appear to seek remedies rather than asserting affirmative claims for relief.

### A.   Injunctive Relief Is Not A Stand-Alone Claim

In their Twenty-Third cause of action, the Burkes seek injunctive relief pursuant to Federal Rule of Civil Procedure 65(a) and (b).   To the extent they seek the remedy of a preliminary injunction, the Court follows the well-settled rule that a claim for "injunctive relief" standing alone is not a cause of action.   *See Ramos v. Chase Home Fin.*, 810 F. Supp. 2d 1125, 1132 (D. Haw. 2011); *see also Jensen v. Quality Loan Serv. Corp.*, 702 F. Supp. 2d 1183, 1201 (E.D. Cal. 2010) ("A request for injunctive relief by itself does not state a cause of action."); *Plan Pros, Inc. v. Zych*, 2009 WL 928867, at *2 (D. Neb. Mar. 31, 2009) (stating that "no independent cause of action for injunction exists"); *Motley v. Homecomings Fin.*, LLC, 557 F. Supp. 2d 1005, 1014 (D. Minn. 2008) (same).

Accordingly, this "cause of action" fails to state a stand-alone claim upon which relief can be granted.   If injunctive relief is proper, it will be because the Burkes have met the necessary test for such relief under Rule 65 of the Federal Rules of Civil Procedure—on an independent cause of action.[13]   The Burkes' claims for temporary and preliminary injunctive relief are remedies that may be available to a prevailing party, but are not properly brought as stand-alone claims.   The Twenty-Third cause of action is accordingly dismissed with prejudice.

## B.     The Twenty-Fourth Cause of Action Fails To State A Claim

The Twenty-Fourth cause of action, entitled "Mortgage Foreclosures, Promissory Notes, and the Uniform Commercial Code and the Unclean Hands Doctrine Rule," appears to seek some form of "declaratory relief and damages, and injunction and attorney's fees," FAC ¶ 148, and is aimed at preventing the state foreclosure action from moving forward.   The Burkes maintain that "if the Assignment of Trust/Mortgage is robo-signed, the sale is void.   If the substitution

---

[13]Although the Burkes have not filed a proper motion for relief under Rule 65, the Court notes that, based upon the allegations in the FAC, and the reasons set forth in this Order, the Burkes cannot meet their burden of establishing that they are "likely to succeed on the merits, that [they are] likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in [their] favor, and that an injunction is in the public interest."   *Winter v. Natural Res. Def. Council, Inc*., 555 U.S. 7, 20 (2008) (citation omitted).   "That is, 'serious questions going to the merits' and a balance of hardships that tips sharply towards the plaintiff can support issuance of a preliminary injunction, so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest."   *Alliance for Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011).   *Winter* emphasized that plaintiffs seeking preliminary relief must demonstrate that "irreparable injury is likely in the absence of an injunction."   555 U.S. at 22; s*ee also Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1127 (9th Cir. 2009).

of Trustee is robo-signed, the sale is void. If the Notice of Default is Robo-signed, the sale is void." FAC ¶ 146. Although it is unclear whether Plaintiffs allege that they themselves are "victims of robo-signers," FAC ¶ 148, they do nothing more in the Twenty-Fourth cause of action than state legal conclusions, none of which even begins to amount to a cognizable claim. At best, they appear to assert the doctrine of unclean hands as a defense to the state court foreclosure action. That is, they do not allege any affirmative claims against these Defendants or supporting facts backing those claims. In short, the Twenty-Fourth cause of action does not contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face, and is therefore dismissed.

## CONCLUSION

Plaintiffs again fail to state plausible, timely claims for relief and the FAC is DISMISSED with prejudice. Plaintiffs were given the opportunity to amend their allegations to state plausible claims, together with the directions on how to do so, yet they have been unable to comply. As noted, the Burkes failed to follow the Court's prior Order, and their claims are time-barred as a matter of law. The Court therefore finds that any further attempt to amend would be futile.

For the foregoing reasons, Defendants' Motions to Dismiss and all joinders are GRANTED. Dkt. Nos. 28, 33, 36, 38, and 41. The Clerk of Court is directed to close the case.

IT IS SO ORDERED.

DATED: December 19, 2017 at Honolulu, Hawaiʻi.



Derrick K. Watson
United States District Judge

---

*Burke v. Countrywide Mortg. Ventures, LLC*, CV NO. 17-00220 DKW-RLP; **ORDER GRANTING MOTIONS TO DISMISS**